IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

State of Delaware,           )
                             )      ID No. 1507012943
        Plaintiff,     )      In and for Kent County
                             )
     v.                   )
                             )
Ray A. Horsey,         )
                             )
        Defendant.    )

Submitted: December 20, 2017
Decided: January 29, 2018

**ORDER**

Motion for Correction of Illegal Sentence

Before the Court is Mr. Ray Horsey's (hereinafter "Mr. Horsey") Motion for Correction of an Illegal Sentence.

The facts as found by the Court are as follows. On January 27, 2016, Mr. Horsey pled guilty to various charges, including possession of a firearm by a person prohibited—a violent felony[1]—and was sentenced to 3 years at supervision level V Greentree Program, followed by 2 years at supervision level II. However, due to the discontinuation of the Greentree Program, Mr. Horsey's defense attorney moved for a review of the sentencing order pursuant to Superior Court Criminal Rule 35(b). The modified sentencing order imposes 3 years at level V, with no Greentree stipulation, followed by 1 year at level III, and 1 year at level II.

Superior Court Criminal Rule 35(a) states that the Superior Court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The "narrow function of Rule 35 is

---

[1] 11 *Del. C.* § 4201. Mr. Horsey had previously been convicted of a violent felony, and thus the firearm possession charge was a violent felony charge pursuant to 11 *Del. C.* § 1448(e).

to permit correction of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[2]

Mr. Horsey argues that serving 1 year at level III followed by 1 year at level II is an illegal sentence. However, 11 *Del. C.* § 4333(b)(1) states that "the length of any period of probation or suspension of sentence shall be limited to . . . [t]wo years, for any violent felony in this title as designated in § 4201(c) of this title." Under the modified sentencing order, Mr. Horsey will still serve only two years' probation. The Court finds that the sentence is therefore lawful.

Nevertheless, Mr. Horsey complains that the order was imposed in an unlawful way: he filed a 35(b) motion to reduce sentence, but the Court's order increased his sentence. The Court need not determine the issue. A challenge to the manner of a sentence's imposition must be brought within 90 days of the date it was imposed.[3] Mr. Horsey's sentence was modified on April 17, 2017. Mr. Horsey brought this motion on October 30, 2017—196 days after the sentence's imposition. Therefore, Mr. Horsey's claim that the sentence was imposed in an unlawful way is untimely.

**WHEREFORE**, for the foregoing reasons, Mr. Horsey's Motion for Correction of an Illegal Sentence is **DENIED**.

**IT IS SO ORDERED**.

_____
Judge

NEP/dsc
*Via Email*
oc:   Prothonotary
cc:   Zachary D. Rosen, Esquire
      Suzanne Macpherson-Johnson, Esquire
      Ray Horsey, SCI

---

[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citing *Hill v. United States,* 368 U.S. 424, 430 (1962)).

[3] Del. Super. Ct. Crim. R. 35(b).